**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AI HE,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 12-70978<br><br>Agency No. A095-716-806<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
Pasadena, California

Before: KOZINSKI, IKUTA, and OWENS, Circuit Judges.

Petitioner Ai He seeks review of the denial of her petition for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

He failed to exhaust her CAT claim because she did not argue it in her brief before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). We therefore lack jurisdiction to consider it. *Id*.

Substantial evidence supports the BIA's determination that He's treatment by Chinese police did not amount to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–22 (9th Cir. 2006). The BIA's determination that He failed to show a well-founded fear of future persecution was also supported by substantial evidence, namely the continued safety of her similarly situated family members who remained in China. *See Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008). Therefore, we deny the petition as to He's asylum claim. Because He failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED IN PART and DENIED IN PART**.